UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

| Case No. | CV 17-3843 DSF (ASx) | Date | 10/23/17 |
|---|---|---|---|
| Title | Eva Hulsey v. Peddle, LLC | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Motion to Dismiss (Dkt. 29)

## I.   INTRODUCTION

Plaintiff Eva Hulsey alleges that Peddle, LLC violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, et seq., in two ways: (1) by calling her using an "automated telephone dialing system" (ATDS) and (2) by calling a phone number on the National Do Not Call Registry for the purposes of a telephone solicitation.  Before the Court is Peddle's motion to dismiss.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for October 30, 2017 is removed from the Court's calendar.  The motion is GRANTED.

## II.   FACTUAL ALLEGATIONS

Peddle purchases automobiles that are no longer functioning.  Compl. ¶ 1. On January 20, 2017, Hulsey visited the website http://junkcarzone.com and entered and submitted an electronic form – providing her name, phone number, email address, and identity of the car she was interested in selling, a 1994 Toyota

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### MEMORANDUM

Corolla Sedan DX.  Id. ¶ 25 n.3; Mot. at 2.  The website's privacy policy stated that the user may be contacted by Junk Car Zone or a "partner business."  Dkt. 29-2, Peddle's Request for Judicial Notice (RJN), Ex. A.[1]  On January 22, 2017, Hulsey – who is on the National Do Not Call Registry – received the following text message from Peddle:

> Good evening!  I'm the Peddle bot that will help you get an offer on your '94 Corolla.  1. We can pick-up your car and pay up to $60.  2. You can also list it for sale and we will try to get you up to $550.  To review your offers or learn more visit http://goo.gl./iLYp2H.

Compl. ¶ 25.  The link in the text message directs to Peddle's website.  Id. ¶ 28.  On January 23, Hulsey received another text message from Peddle:

> Hi!  I am a bot from Peddle that will help you get an offer on your car.  Let's get started!  What is the year of your car?  For instance, 2001.

Id. ¶ 27.  Hulsey maintains she did not provide her express prior consent to Peddle before receiving these messages.  Id. ¶ 30.

### III.   LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted).  But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

---

[1] The Court takes judicial notice of Junk Car Zone's Privacy Policy because its authenticity is not contested and it is central to Hulsey's claim that she did not consent to receive texts from Peddle.  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) ("On a motion to dismiss, we may consider materials incorporated into the complaint or matters of public record.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original; citation and internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 679 (alteration in original; internal quotation marks and citation omitted).

## IV.   DISCUSSION

### A. Count I: Violation of 47 U.S.C. § 227(b)(1)(A)(iii).

Hulsey first alleges that Peddle violated 47 U.S.C. § 227(b)(1)(A)(iii). To state a claim under this section of the TCPA, a plaintiff must allege: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012). A text message is a "call" within the meaning of the TCPA. See Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 950 (9th Cir. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

The TCPA defines an ATDS as "equipment which has the capacity–(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

Hulsey alleges that Peddle used an ATDS to send the subject text messages to her, that Peddle's ATDS "has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, en masse, in an automated fashion without human intervention," and that it "includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous texts message calls simultaneously." Compl. ¶¶ 9, 42. Peddle argues that such allegations are conclusory in nature, and that the Complaint lacks facts to suggest that Peddle used an ATDS to text Hulsey's cellular phone.

The Court agrees with Peddle. Hulsey's allegations consist solely of paraphrases of the definition of ATDS as set forth in the TCPA. See Kramer v. Autobytel, Inc., 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) ("As an isolated assertion, it is conclusory to allege that messages were sent 'using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.'") (citing Iqbal, 556 U.S. at 677-78). And courts in the Ninth Circuit have consistently found that text messages sent in response to a voluntary release of a user's phone number, without more, do not support a plausible inference that an ATDS was used. See Epps v. Earth Fare, Inc., 2017 WL 1424637, at *6 (C.D. Cal. Feb. 27, 2017) (collecting cases); Ibey v. Taco Bell Corp., 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012) (granting defendant's motion to dismiss where the text message at issue "did not appear to be random but in direct response to Plaintiff's message"). Hulsey's Opposition argument that the message was automated and sent by a "bot" does not satisfy or allege the requirements of the statute. Peddle's texts were sent after Hulsey provided her phone number on the Junk Car Zone website, which suggests "direct targeting that is inconsistent with the sort of random or sequential number generation required for an ATDS." Weisberg v. Stripe, Inc., 2016 WL 3971296, at *3 (N.D. Cal. July 25, 2016).

Peddle's motion to dismiss is GRANTED.

### B. Count II: Violation of 47 U.S.C. § 227(c)(5)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

Hulsey also contends that Peddle violated 47 U.S.C. § 227(c)(5). That section prohibits an entity from making more than one "telephone solicitation" to the same person within a twelve-month period. "Telephone solicitation" means "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." Id. § 227(a)(4).

Several courts in this circuit have interpreted telephone solicitations to mean calls encouraging a purchase by the consumer or user, rather than by the caller. See, e.g., Friedman v. Torchmark Corp., 2013 WL 4102201, at *6 (S.D. Cal. Aug. 13, 2013) (message with an invitation to attend a recruiting webinar to learn about defendant's products to potentially sell to others was not a telephone solicitation); Orea v. Nielsen Audio, Inc., 2015 WL 1885936, at *2-4 (N.D. Cal. Apr. 24, 2015) ("[T]elephone solicitations are calls intending to encourage a purchase by the listener, not the caller. Calls asking to purchase the listener's labor, blood, or other service are not telephone solicitations."). The Court finds these interpretations persuasive. Hulsey engaged Junkcarzone.com regarding an offer for her car, after which Peddle contacted her precisely for that purpose. Hulsey's allegations do not support the reasonable inference that the texts from Peddle were initiated to sell products or encourage future purchases. Compare Panacci v. A1 Solar Power, Inc., 2015 WL 3750112, at *5 (N.D. Cal. June 15, 2015) (distinguishing cases, including Friedman, based on complaint allegations that defendant tried to sell plaintiff products).

Peddle's motion to dismiss is GRANTED.

## V. CONCLUSION

Peddle's motion to dismiss is GRANTED. Hulsey may file an amended complaint consistent with this Order, if she can do so consistent with Rule 11 of the Federal Rules of Civil Procedure. The amended complaint must be filed and served no later than November 22, 2017. Failure to file by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims. Leave to add new defendants or new claims must be sought by a separate, properly noticed motion. If Hulsey chooses to amend, a "red-lined" version showing changes must be submitted to the chambers email and in paper form.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

IT IS SO ORDERED.